IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN JOHNSON, on behalf of himself
and J.J., a minor,,

        Plaintiffs,

        vs.                              Case No. 12-2493-JTM

PLEASANT GREEN MISSIONARY
BAPTIST CHURCH, INC., et al.,

        Defendants.

MEMORANDUM AND ORDER

This is an action by plaintiff Kevin Johnson, for himself and on behalf of his minor child J.J., against defendants Pleasant Green Missionary Baptist Church, Pleasant Green Community School, Inc., and Rev. Dr. Jarvis Collier. Johnson alleges the plaintiffs provided music services to the defendants, who have failed to provide the payments due for those services, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § § 201 *et seq.*, as well as fraud, defamation, quantum meruit, breach of contract, and wrongful discharge in violation of public policy and of Kansas labor laws.[1]

---

[1] These include the Kansas Wage Payment Act, K.S.A. 44-313 *et seq*, and the Kansas Minimum Wage and Maximum Hours Act, K.S.A. 44-201 *et seq.*

On October 3, 2012, the Clerk of the Court entered default against the defendants, who had not pled or otherwise defended the action. (Dkt. 6). The matter is before the court on Johnson's motion for default judgment and a damages hearing (Dkt. 7), and the motion to set aside default by the defendants. (Dkt. 14).

In responding to Johnson's motion for default judgment, acknowledging that the church and the school were served with process on August 21, 2012, but had not responded prior to the default. The defendants state that Collier has not been served with process. Without any explanation or elaboration, the defendants state that the failure to file a responsive pleading "is due to excusable neglect on the part of the Defendants' counsel and the Defendants Church and School." (Dkt. 15, at ¶ 5). The defendants also attached a proposed motion to dismiss and accompanying brief, which argues that the court has no jurisdiction over plaintiffs' FLSA claims, because the defendants are a church and are not engaged in commerce within the meaning of the federal statute. See 28 U.S.C. § 203(s).

Following the motion for default judgment, Johnson separately moved for an extension of time to serve Collier, although noting that, as the registered service agent for the church and school (who had been validly served), "it is almost certain that Rev. Collier is aware of this lawsuit and has been since August." On November 29, 2012, the court granted plaintiffs' request for an extension of time to serve Collier, and Collier filed his Answer to the Complaint on December 4, 2012.

The court hereby denies the motion for default judgment as to the church and school, and grants the defendants' motion to set aside the default.

The court may set aside the entry of default under Fed.R.Civ.Pr. 55(c) for good cause shown.

> The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. These factors are not "talismanic" and the court may consider other factors. However, the court need not consider all the factors. If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default.

*Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995) (citations omitted). In determining the existence of excusable neglect, the relevant factors include "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party." *Scott v. Power Plant Maint. Specialists*, No. 09-CV-2591-KHV, 2010 WL 1881058, at *2 (D. Kan. 2008) (citing *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. App'x 789, 798 (10th Cir. 2008)). The defaulting party has the burden "to both plead and prove mistake, inadvertence, surprise, or excusable neglect." *Nolan v. Underwriters at Lloyd's, London*, 190 F.R.D. 578, 580 (D. Kan. 1999) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)).

Here, the court finds that the default should be set aside, and that the plaintiffs' motion for default judgment should be denied. Plaintiffs are individual persons

complaining of the failure to pay due wages, and argue prejudice exists in the delay generated by the defendants' failure to timely plead or otherwise defend the action. But such prejudice has not been shown to be substantially greater due to the alleged default, in comparison to the delays normally attendant on a trial on the merits. Generally, the delay of a couple of months in responding to a motion is deemed to be "relatively innocuous" for purposes of default judgment. *Welch v. Centex Home Equity Co.*, L.L.C., No. 03-2132, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004). The plaintiffs also argue that the defendants have failed to offer any reason for the delay, other than by the naked invocation of the term "excusable neglect." *See Agueros v. Vargas*, No. SA-07-904-XR, 2008 WL 4179452 (W.D.Tex. Sept. 5, 2008) (declining to find good faith mistake where defendants supplied no explanation for their failure to defend). However, the defendants' pleading can be read to attribute the delay both the inadvertent neglect of the defendants and their counsel, coupled with the existence of ongoing settlement negotiations with the plaintiffs. (Dkt. 15, at ¶¶ 4, 5).

Plaintiffs argue that the defendants have failed to present any potentially meritorious defense, other than the proposed motion to dismiss for a lack of subject matter jurisdiction. The court agrees that the proposed defense is not meritorious. The contention that the defendants are not engaged in "commerce," and hence not subject to the FLSA, is properly construed as question as to the factual merits of the plaintiffs' claim, not a question of federal jurisdiction under 28 U.S.C. § 1331. *See Butler v. Source Unlimited*, Case No. CIV-10-572-M, 2010 WL 3515707 (W.D. Okla. Sept. 2, 2010) ("whether defendants are

4

engaged in interstate commerce is not a jurisdictional issue but is an element of plaintiffs' FLSA claim"); *Velez v. Vassallo*, 203 F.Supp.2d 312 (S.D.N.Y. 2002). Construed as a prospective motion for summary judgment, the defendants' motion lacks supporting admissible evidence, while plaintiffs argue that the evidence would support the contention the defendants are engaged in commerce.

Moreover, even if the church and school were ultimately deemed to have not been engaged in interstate commerce, and thus not subject to FLSA unpaid wages provisions, this would not mean the court lacks jurisdiction over the action. Here, the plaintiffs also make a claim for unlawful retaliation in violation of FLSA. Under the Act, such claims may be advanced against any person, whether or not the defendant was also engaged in the interstate commerce. *See Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999) (in contrast to unpaid wage claims, which can only be advanced against employers "engaged in commerce," FLSA retaliation claims under § 215(a)(3) may be advanced against any "person").[2]

---

[2]*See also Wirtz v. Ross Packaging Comp.*, 367 F.2d 549 (5th Cir.1966); *Cedano v. Alexim Trading.*, 2011 WL 5239592, *4 (S.D.Fla. Nov. 01, 2011) ("the anti-retaliation provision of the FLSA does not apply only to employers,"); *Obregon v. JEP Family Enter.*, 710 F.Supp.2d 1311, 1314 (S.D.Fla.2010) ("FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage'"); *Cabral v. Lakes Café Sports Bar & Grill*, 2010 WL 1372457, *6 (S.D.Fla. March 31, 2010) ("the lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim"). *Contra Lamont v. Frank Soup Bowl*, 2001 WL 521815 (S.D.N.Y. May 16, 2001)

In summary, the court finds that while the defendants have failed to presently articulate a meritorious defense to the action, this must be balanced against the relatively short delay involved, coupled with the failure of the plaintiffs to show any discrete prejudice arising from the delay itself. Importantly, while the clerk has entered default, the court has yet to award default judgment against the defendants. Fed.R.Civ.Pr. 55(c) authorizes the court to grant relief from entry of default for good cause shown, "which gives a court greater freedom in granting relief than is available in the case of default judgments." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2692 at 88 (3d ed. 1998). That is, Rule 55(c) (which governs relief from default) and Rule 60(b) (which governs relief from default judgments) both employ the same factors, but the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989). *See also School-Link Tehc. v. Applied Resources*, 471 F.Supp.2d 1101, 1119 (D. Kan. 2007) ("[t]he good cause standard for setting aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from a default judgment").

Further, federal policy strongly favors trial on the merits, and prefers such a resolution over default judgment, which should be "used only in extreme situations." *Sun v. Board of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, v. White Mountain Gypsum*, 726 F.2d 1202, 1205 (7th Cir.1984). *See also Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (noting in case of dismissal of action as sanction that "[t]he law favors the disposition of litigation on its merits").

6

Taken as a whole, applying the liberal construction for relief under Rule 55(c) and the preference for trials on the merits, the court finds that defendants have presented good cause for the relief sought. Accordingly, the court permits and directs that the defendants may file an Answer to the Complaint no later than 20 days from the date of this Order.

IT IS ACCORDINGLY ORDERED, this 17th day of January, 2013, that the plaintiffs' Motion for Default Judgment (Dkt. 7) is denied; the defendants' Motion to Set Aside (Dkt. 14) is granted.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE